IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHERRY M. MOSS,                        )
                                       )
        Plaintiff,                    )
                                       )
vs.                                    )   Civil No.  11-cv-853-CJP
                                       )
CAROLYN W. COLVIN,                     )
Acting Commissioner of Social Security,)
                                       )
        Defendant.[1]                 )

## MEMORANDUM AND ORDER

**PROUD, Magistrate Judge:**

      This matter is before the Court on plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act.  **(Doc. 39)**.  Defendant filed a response in opposition at **Doc. 42**, and plaintiff filed a reply at **Doc. 43**.

      Pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d)(1)(A), the Court shall award attorney's fees and expenses to a prevailing party in a civil action against the United States, including proceedings for judicial review of agency action, unless the government's position was substantially justified.  The hourly rate for attorney's fees is not to exceed $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  §2412(d)(2)(A).

      This case was remanded to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. §405(g).   Plaintiff is, therefore, the prevailing party.  See, ***Shalala v. Schaefer***, 509 U.S. 292, 302 (1993).

---

[1] Carolyn W. Colvin was named Acting Commissioner of Social Security on February 14, 2013. She is automatically substituted as defendant in this case. See Fed. R. Civ. P. 25(d); 42 U.S.C. §405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

1

In her response to the motion, the Commissioner argues that the Court should not award fees because the government's position was substantially justified.

The EAJA does not define the term "substantially justified," and the Seventh Circuit has recognized that its meaning in this context is not "self-evident." ***U.S. v. Thouvenot, Wade & Moerschen, Inc.*, 596 F.3d 378, 381 (7th Cir. 2010).** However, in view of the purpose of the Act, substantially justified means something more than "not frivolous;" the government's position "must have sufficient merit to negate an inference that the government was coming down on its small opponent in a careless and oppressive fashion." ***Id.*, at 381-382**.

The government's position is substantially justified where it had a "reasonable basis in law and fact, that is, if a reasonable person could believe the position was correct." ***Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004)(internal citations omitted).** The Commissioner bears the burden of demonstrating that her position was substantially justified, and the Court must make a determination based on an assessment of both the government's pre-litigation and litigation conduct, including the decision of the ALJ. ***Ibid.***

Plaintiff's two main arguments on the merits were that the ALJ erred in rejecting her treating doctor's opinion and in failing to explain how the medical evidence supported his determination of her RFC. The Court rejected her first point, but found merit in her second.

The ALJ rejected the only medical opinions in the record, that of plaintiff's treating doctor and of the state agency consultant who assessed plaintiff's RFC. The ALJ then determined that Ms. Moss was able to do work at the light exertional level, with limitations. This Court found that the ALJ erred in failing to cite medical evidence in support of his RFC determination, saying:

> An RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts*.*" ***Briscoe ex rel. Taylor v. Barnhart,* 425 F.3d 345, 352 (7th Cir. 2005), citing SSR 96-8p, at \*7.** Here, the ALJ failed to cite medical facts to support his RFC assessment. He said that plaintiff's osteoarthritis "justifies restricting her to light exertional work with frequent reaching, handling and fingering bilaterally." (Tr. 28). He pointed to no

2

> medical evidence that supported the conclusion that Ms. Moss was able to perform the exertional requirements of light work, i.e., occasionally lifting 20 pounds, frequently lifting 10 pounds, sitting for 6 out of 8 hours and standing/walking for 6 out of 8 hours.  He said that her COPD was accounted for by restricting her to no more than occasional exposure to environmental irritants, but cited to no medical evidence to support the conclusion she was able to tolerate even occasional exposure.  He said, with no explanation, that her history of MRSA was accounted for by limiting her to light work.  Because the ALJ failed to link his RFC assessment to evidence in the record, he failed to build the requisite logical bridge from the evidence to his conclusion.  **Scott v. Astrue, 647 F.3d 734, 740 (7th Cir. 2011).**

**Doc. 37, p 13.**

The Commissioner characterizes the ALJ's error as "an error of articulation," and argues that, where the error is an error of articulation, "the Agency's position and the government's defense of that position is likely to be substantially justified."  Doc. 42, p.4.  The Commissioner cites **Stein v. Sullivan, 966 F.2d 317, 319-320 (7th Cir. 1992)**, in support of this argument.  **Stein** did not establish a per se rule that attorney's fees will not be awarded whenever the error was a failure to meet the articulation requirement.  See, **Conrad v. Barnhart, 434 F.3d 987, 991 (7th Cir. 2006)**.  However, in **Bassett v. Astrue, 641 F.3d 857, 859-860 (7th Cir. 2011)**, the Seventh Circuit explained that, where the ALJ's error was a failure to "connect the dots" in his analysis, the government's position is likely to be substantially justified.  "Indeed it typically takes something more egregious than just a run-of-the-mill error in articulation to make the commissioner's position unjustified—something like the ALJ's ignoring or mischaracterizing a significant body of evidence, or the commissioner's defending the ALJ's opinion on a forbidden basis."  **Id., at 860**.

Here, the Commissioner argues that the ALJ noted the relevant medical evidence, but simply failed to explain how that evidence supported his RFC assessment.  For example, the Commissioner argues that the ALJ noted that plaintiff's MRSA infection responded well to antibiotics.  According to the Commissioner, this fact supports the ALJ's finding she could do work at the light exertional level.

The Commissioner's argument misses the mark.  The problem with the RFC assessment is not simply that the ALJ failed to specify which medical evidence he relied upon in formulating his assessment.  The problem is that, having rejected the only medical opinions in the record, the ALJ proceeded to fill in the "evidentiary deficit" by drawing his own medical conclusions from the evidence.  This Court concluded that the ALJ's decision was contrary to both legal precedent and the agency's own Ruling, SSR 96-8p.  See, **Memorandum and Order, Doc. 37, p. 13**.  The Seventh Circuit has held that a position that is contrary to clear legal precedent and the agency's own rulings and regulations is not substantially justified.  ***Golembiewski, supra,* 382 F.3d at 724.**

The Commissioner's position on attorney's fees is undermined by her failure to directly respond to plaintiff's argument about the lack of medical support for the ALJ's RFC assessment in her brief on the merits.  Plaintiff cited three relevant cases in support of her argument, ***Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345 (7th Cir. 2005); *Scott v. Astrue*, 647 F.3d 734 (7th Cir. 2011);** and ***Suide v. Astrue*, 371 Fed. Appx. 684, 2010 WL 1508510 (7th Cir. 2010).**  The Commissioner discussed none of these cases in her merits brief, and made no attempt to demonstrate that the RFC assessment was, in fact, supported by medical evidence.  It is difficult to now accept her argument that her position was substantially justified when she made no attempt to justify it in her merits brief.

The Court finds that the Commissioner's position was not substantially justified, and therefore finds that plaintiff is entitled to an award of attorney's fees under the EAJA.

The Commissioner has not challenged either the hourly rate or the number of hours claimed by plaintiff's counsel.  Despite this failure, the Court has carefully reviewed the motion and supporting exhibits, and finds that both are reasonable.

As to the hourly rate, counsel asks the Court to award him $184.25 per hour for attorney time and $95.00 per hour for legal assistant time.  Counsel argues that he is entitled to an

increase from the statutory rate of $125.00 per hour because of an increase in the cost of living.

In *Mathews-Sheets v. Astrue*, 653 F.3d 560 (7th Cir. 2011), the applicable precedent, the Seventh Circuit explained:

> If [counsel] points to inflation he still must show that it actually justifies a higher fee; for while it might seem obvious that a statutory price ceiling should be raised in step with inflation, to do that as a rote matter would produce windfalls in some cases. Inflation affects different markets, and different costs in the same market, in different ways. The framers of the Equal Access to Justice Act were right therefore not to create an *entitlement* to an inflation adjustment; the lawyer seeking such an adjustment must show that inflation has increased the cost of providing adequate legal service to a person seeking relief against the government.

*Mathews-Sheets*, 653 at 563.

The Court went on to explain that an adjustment in the hourly rate for inflation must be "justified by reference to the particular circumstances of the lawyer seeking the increase." **Ibid. at 563-564.**

The figure of $184.25 is based on the Consumer Price Index for June, 2012, the month in which most of the work was done. Counsel has provided the information required by *Mathews-Sheets*. He states that his office expenses such as rent, staff salaries, health insurance costs, legal research tools (Westlaw), and continuing legal education conferences have all increased in the relevant time period, as have basic office supplies. **See, Doc. 39, p. 9.** The Court finds that counsel has adequately supported his argument that he should be compensated at the rate of $184.25 based on the increase in the cost of living as it affects his costs in providing legal services in a case such as this. *Mathews-Sheets*, 653 F.3d at 563.

In the original motion, counsel claims a total of 57.6 hours of attorney time and 1.4 hours of legal assistant time. In the absence of any challenge from the Commissioner, the Court finds this to be a reasonable amount of time to spend on this case. Counsel also claims costs in the amount of $12.10. The Court notes that plaintiff proceeded *in forma pauperis*, and therefore is not entitled to reimbursement of the filing fee. Thus, the total amount sought in the original

motion is $10,757.90.   In addition, counsel spent 2.5 hours in replying to the Commissioner's response, and he properly asks to be compensated for that time as well.  Thus, he seeks a total of $11,218.52 ($11,206.42 in fees plus $12.10 in costs).  **See, Doc. 43, p. 4.**

For the reasons discussed above, plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act **(Doc. 39)** is **GRANTED.**

The Court awards a total of fees and costs in the amount of **Eleven Thousand, Two Hundred Eighteen Dollars and Fifty-Two Cents ($11,218.52).**

The amount awarded is payable to plaintiff and is subject to set-off for any debt owed by plaintiff to the United States, per *Astrue v. Ratliff*, **130 S.Ct. 2521 (2010).**   However, in accordance with the assignment executed by plaintiff **(Doc. 39, Ex. 2)**, any amount that is not used to satisfy an outstanding debt shall be made payable to plaintiff's attorney.

**IT IS SO ORDERED.**

**DATED:   June 28, 2013.**


<u>s/ Clifford J. Proud</u>
CLIFFORD J. PROUD
U.S. MAGISTRATE JUDGE